977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas Dwight BENNETT, Plaintiff-Appellant,
v.
James FAULKNER; Donna Faulkner; City of Farmington Hills;
John T. Waid, Defendants-Appellees.
 No. 92-1470.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Douglas Dwight Bennett, a pro se Michigan resident, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Bennett sued James and Donna Faulkner who contracted with Bennett to construct an addition to their home; the City of Farmington Hills, Michigan for prohibiting Bennett from building the addition because he was an unlicensed contractor; and John T. Waid, a building official for the City of Farmington Hills, who allegedly advised the Faulkners that Bennett was an unlicensed contractor.
 
 
 4
 At the time the civil action was filed, Bennett was facing criminal charges for his fraudulent attempts to obtain a building permit so he could construct the addition to the Faulkner home. Because the criminal charges were intertwined with the civil rights action, the district court found that the civil case had to be stayed pursuant to Younger v. Harris, 401 U.S. 37 (1971), until the criminal proceedings had been completed. After Bennett's conviction and the exhaustion of his state appellate remedies, the district court lifted the stay and dismissed the complaint.
 
 
 5
 In his timely appeal, Bennett argues that the district court should not have lifted the stay until after he had appealed his conviction to the United States Supreme Court.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in lifting its stay. Cf. Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991). Although the district court stayed the civil action until the state appeals were completed as required by Younger, the Younger doctrine is not applicable once an individual has exhausted his state appellate remedies. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); see also Feaster v. Miksch, 846 F.2d 21, 22-24 (6th Cir.), cert. denied, 488 U.S. 857 (1988). Therefore, Bennett's argument is meritless.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation